# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC., *et al.*, | ) ) ) ) |   |
| Plaintiffs, | ) ) ) |   |
| v. | ) ) | Civil Action No. 05-399 (RMC) |
| DOES 1 - 122, | ) ) ) |   |
| Defendants. | ) ) |   |

## ORDER

Plaintiffs in this case are major recording companies who own copyrights in sound recordings. They assert that copyright infringers unlawfully disseminate billions of perfect digital copies of their copyrighted sound recordings over peer-to-peer ("P2P") networks each month, in violation of the copyright laws. Plaintiffs were able to identify the Internet Protocol ("IP") address from which each Defendant was operating. Verizon Internet Services, Inc. ("Verizon") can match the IP addresses, dates, and times with the computer that was used at the time of the alleged copyright infringement. On March 1, 2005, the Court granted Plaintiffs leave to conduct immediate discovery, by way of a Rule 45 subpoena on Verizon, to learn the identities of the Defendants. Defendant Doe # 19 filed a motion to quash on April 14, 2005, which Plaintiffs have opposed. Verizon has refused to respond to any of the other subpoenas until the motion to quash has been resolved.

Defendant Doe # 19 is proceeding *pro se*. She moves to quash the subpoena based on the following argument, which is the entirety of her motion:

> Motion of Doe # 19 to Quash Due to Lack of Personal Jurisdiction. Doe # 19 hereby moves in pro per for the court to quash the subpoena issued to its ISP VERIZON on the grounds that the Doe is not subject to personal jurisdiction in this location. The basis for this claim is that I do not have sufficient contacts with the District of Columbia to justify requiring me to respond to this lawsuit so far from my home. I do not live, or have never lived in the District of Columbia. I insist on my **CONSTITUTIONAL** right to privacy.

Doe # 19 Motion to Quash Subpoena at 1.

The motion to quash the subpoena for lack of personal jurisdiction is legally premature. *See Elektra Entm't Group, Inc. v. Does 1-9*, No. 04-2289 (RWS), 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004); *Motown Record Co. v. Does 1-252*, No. 04-439 (WBH), order at 3 (N.D. Ga. Aug. 16, 2004) (denying motion to quash subpoena); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004); *UMG Recordings v. Does 1-199*, No. 04-93 (CKK), slip op. at 2 (D.D.C. Mar. 10, 2004) (granting leave for expedited discovery); *Virgin Records Am., Inc. v. Does 1-44*, No. 04-438 (CC), order at 2 (N.D. Ga. Mar. 3, 2004) (granting leave for expedited discovery). The Court cannot render any kind of ruling on personal jurisdiction or catalog a defendant's contacts with the District of Columbia before a defendant has been named. *See Sony Music Entm't Inc.*, 326 F. Supp. 2d at 567-68 (holding that "without the identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"). Plaintiffs have adequately demonstrated their reasonable basis for believing that Defendant Doe # 19 has infringed their copyrights. They need to know her true identity to pursue a lawsuit, absent settlement, to protect their intellectual property. Because Verizon is the ISP provider in Washington, D.C. and can be subpoenaed to provide that

identifying information, Plaintiffs properly brought suit in the first instance in this district.

"A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996). Thus, the unsworn statement of Defendant Doe # 19 that she does not reside in D.C. is insufficient to bar Plaintiffs' discovery efforts to determine her identity and location. "[E]ven if it were ultimately determined that the court [lacks personal jurisdiction over Defendant Doe # 19], the order or process it issued in the conduct of the litigation would still be valid." *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76-77 (1988). Once Verizon has complied with the subpoena and Defendant Does 1 - 122 can be identified, Defendant Doe # 19 may file a motion to dismiss on personal jurisdiction grounds, if such grounds exist, and the case may be transferred to the appropriate forum.[1]

---

[1] The residence of Defendant Doe # 19 may not provide the complete answer to whether personal jurisdiction exists in the District of Columbia. For instance, Defendant Doe # 19 contracted with a D.C.-based ISP, Verizon, and used Verizon's facilities allegedly to commit copyright infringement. This may provide jurisdiction under the long-arm statute of the District of Columbia. D.C. Code § 13-423(a)(1) and (a)(3) (jurisdiction over any person "transacting any business in the District of Columbia" or "causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia"). This Court has already held that "the download of music files by [defendant] constitutes transacting business in the District" sufficient to establish personal jurisdiction. *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F. Supp. 2d 27, 31-33 (D.D.C. 2004). Indeed, "[i]n the last century, for example, courts have held that, depending on the circumstances, transactions by mail and telephone could be the basis for personal jurisdiction notwithstanding the defendant's lack of physical presence in the forum. There is no logical reason why the same should not be true of transactions accomplished through the use of e-mail or interactive websites." *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 510 (D.C. Cir. 2002). These cases demonstrate that the question of personal jurisdiction in these types of cases may not be as simply decided as Doe # 19 would suggest. In any event, there is not enough evidence to determine whether personal jurisdiction exists in the District of Columbia.

Defendant Doe # 19 is no more successful in her argument that she has a constitutional right to privacy under these circumstances. "[A] person has no legitimate expectation of privacy in information he voluntarily turns over to third parties," such as ISPs. *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979). "[C]omputer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person – the system operator." *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001).[2] The Plaintiffs are proceeding with the Court's authorization; it would be a gross injustice to allow Defendant Doe # 19 to avoid discovery of her identity in light of Plaintiffs' evidence that she may be infringing on their property rights.

Lastly, the fact that Defendant Doe # 19 has revealed her name, in illegible handwriting, and address on her motion to quash does not moot the subpoena. Plaintiffs are entitled to a response from Verizon, which may or may not confirm the information supplied by Defendant Doe # 19.

For the reasons stated, the motion to quash is **DENIED.**

**SO ORDERED.**

DATE: June 10, 2005.                         /s/_____
                                             ROSEMARY M. COLLYER
                                             United States District Judge

---

[2] In fact, Verizon expressly warned Defendant Doe # 19 that it may disclose her name in response to a subpoena in a civil action. *See* Verizon Terms of Service, http://www.verizon.net/policies/vzcom/tos.asp ("Acceptable Use Policy"). By accepting these terms of service, including Verizon's requirement that users not use its systems in any manner that may constitute an infringement of a third party's intellectual property rights, Defendant Doe # 19 agreed that Verizon may provide the information to copyright holders with a proper subpoena. To the extent any constitutional right to privacy may be deemed to exist, it has been waived by the Defendant.