# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERSCOPE RECORDS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-12,<br><br>Defendants. | 1:04-cv-3669-WSD |

## ORDER

This matter is before the Court on Defendant Doug Solomon's Motion to Quash [7]. This case is one of many filed by recording companies to protect their copyrights in sound recordings by asserting claims against individuals who reproduce copyrighted material by means of peer-to-peer, over-the-internet digital sharing of uploaded music files. It is brought against 12 "Doe" Defendants who Plaintiffs have identified as using the internet to allegedly violate Plaintiffs' copyright interest in the material by wrongfully copying and distributing it to others, using the internet as the distribution vehicle.[1]

Plaintiffs have identified each Doe Defendant by a unique Internet Protocol

---

[1] Mr. Solomon apparently is one of the Doe Defendants named in this action. Because he did not identify which of the numbered Doe Defendants he is, he will hereafter be referred to as "Defendant."

("IP") address assigned to that Doe Defendant on the date and at the time of his allegedly infringing activity. Plaintiffs claim they need further identifying information from the internet service provider ("ISP") used by the Doe Defendants. In this case, the ISP is Earthlink, Inc. ("Earthlink"). On December 16, 2004, Plaintiffs filed their Motion for Leave to Take Expedited Discovery [3], requesting to serve limited discovery on Earthlink to ascertain the identities of the Doe Defendants. Plaintiffs requested leave to seek five (5) elements of information about the Doe Defendants using each Doe Defendants' unique Internet Protocol ("IP"). The five (5) discrete data elements are: real name (rather than the screen name or other alias used by each Doe Defendant), address, telephone number, e-mail address and Media Access Control information. Each of these elements apparently were freely exchanged between the subscriber and Earthlink when service was initiated. Plaintiffs advised, and the Court concluded, that subscriber use of fictitious names and other identifying information prohibited Plaintiffs from determining those who against whom infringement actions may properly be brought. Plaintiffs' discovery from Earthlink is calculated to obtain identity information about each Doe Defendant who Plaintiffs allege have engaged copyright violations.

The Court, in its January 6, 2005 Order granting Plaintiffs' permission to

serve a subpoena on Earthlink, imposed certain procedural protections for those affected by the Order. It allowed a subpoena to be served on Earthlink, but only for the five (5) data elements discussed above. Second, it provided for Earthlink promptly to advise the subscribers of the Plaintiffs' request for identifying information. Third, it provided time for Earthlink and any affected subscriber to move to quash the subpoena Plaintiffs requested to serve. It also required Plaintiffs to provide to Earthlink the Order entered by the Court and imposed a narrow limitation on Plaintiffs' use of information Earthlink provides in response to the subpoena.

Defendant has moved to quash the subpoena. His only statement in support of his motion is as follows: "I object to Earthlink producing confidential information regarding my account and I move to quash the subpoena." (Mot. to Quash at 1.) He does not identify the information he alleges is confidential, or even state whether such information is included among the five (5) data elements discussed above. This vague allegation is insufficient to carry Defendant's burden as the party moving to quash a subpoena under Rule 45 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 45(c)(3). Further, to the extent Defendant contends the five (5) data elements sought by Plaintiffs constitute confidential

3

information which should be protected from disclosure by Earthlink, the Court disagrees. The information is relevant and necessary to Plaintiffs' protection of their copyrights against infringement. The Court recognizes it is responsible for permitting a litigant access to only those facts needed to discern the truth while also protecting the privacy interests of ISPs and users of internet technology. The Court's January 6, 2005 Order addressed these concerns and tailored the discovery sought by the subpoena accordingly. Thus, Plaintiff's argument is without merit. See Sony Music Entm't Inc. v. Does 1-41, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (denying a motion to quash in a similar case, concluding that "defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims").

For these reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Quash [7] is **DENIED**.

**SO ORDERED**, this 7th day of July, 2005.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE